IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JAMES RENWICK MANSHIP, )<br>　　　　　　　　　　　　　　　)<br>　　Plaintiff, 　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　v. 　　　　　　　　　　) 　1:11cv1003 (JCC)<br>　　　　　　　　　　　　　　　)<br>SHERRI BROTHERS, *et al.*, 　)<br>　　　　　　　　　　　　　　　)<br>　　Defendants. 　　　　　　　) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff James Renwick Manship's pro se Emergency Motion for Temporary Restraining Order (the Motion).  [Dkt. 2.]  Plaintiff filed the Motion as next friend of eight minors.  Plaintiff also states that he brings the motion on behalf of "all others similarly situated."  The Defendants are Sherri Brothers, Marita Wilson, Tammee Gaymon, Valerie Cuffee, Suzanne Eisner, Jason McCandless, Karen Marie Grane, Esther Wiggins, and George Varoutsos (together the Defendants).  The Complaint represents that all of the Defendants are employed by Arlington County, Virginia.  [Dkt. 1.]  For the following reasons, the Court will deny Plaintiff's Motion.

**I.   Background**

1

Plaintiff submits a number of general allegations related to the foster care system in Arlington County. (Compl. ¶¶ 44-59.) The Complaint contains only two concrete accusations. One is that the minor, A.O., was assaulted by another child while in foster care. (Compl. ¶ 3.) The other is that defendants Sherri Brothers, Karen Grane, Jason McCandless, and George Varoutsos "ignored both verbal, and written, 'Cry for Help' reports" from A.O. (Compl. ¶ 2.) Plaintiff primarily seeks a variety of broad based policy changes within the Arlington Country Department of Human Services. (Compl. ¶¶ 71-75.)

Plaintiff filed the Motion in this Court on September 16, 2011. [Dkt. 2.] Plaintiff also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Dkt. 3], which this Court granted on September 20, 2011 [Dkt. 4].

The Motion is now before this Court.

## II.  Standard of Review

"The standard for granting either a [temporary restraining order] or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

2

in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Counsel*, 129 S. Ct. 365, 374 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374), vacated on other grounds, 130 S.Ct. 2371 (2010), reinstated in relevant part, 607 F.3d 355 (4th Cir. 2010)).

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, at *3 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III. Analysis

A. <u>Jurisdiction</u>

Plaintiff invokes the jurisdiction of this Court under two statutes: 28 U.S.C. §§ 1343(a)(3) and 1331.  Section

3

1343(a)(3) is the jurisdictional counterpart of 42 U.S.C. § 1983, which provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage" causes deprivation of another citizen's right under the Constitution or federal law. *Thorne v. Hale*, No. 1:08cv601, 2009 U.S. Dist. LEXIS 104326, at *9 (E.D. Va. Oct. 29, 2009)(quoting 42 U.S.C. § 1983). Section 1331 is a general jurisdictional statute for actions that arise under the Constitution, laws, or treaties of the United States.

The Younger doctrine "requires federal courts to decline to exercise jurisdiction to enjoin pending state court proceedings despite the presence of alleged constitutional claims." *Berry v. South Carolina Dep't of Social Servs.*, No. 95-2678, 1997 U.S. App. LEXIS 22647, at *9-11 (4th Cir. 1997). The doctrine has been expanded to require abstention from child custody and welfare determinations. *Id.* The Younger doctrine stems from the important principles of comity and federalism and from recognition that state courts are as capable as federal courts of deciding federal and constitutional issues. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Therefore, in the absence of extraordinary circumstances, which are not present here, "Younger mandates that a federal court abstain from exercising jurisdiction

4

and interfering with a state [] proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). It is well established that child support matters implicate important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (family relations are a traditional area of state concern). And state courts provided an adequate remedy. *See Berry*, 1997 U.S. App. LEXIS 22647, at * 12. Thus, to the extent that there are ongoing state proceedings regarding the custody of the minors, this Court abstains from exercising jurisdiction.

        B.    TRO

Assuming there is jurisdiction, the Court turns to the likelihood of success on the merits. Plaintiff's Complaint is deficient in a number of ways. First, Mr. Manship's relationship to the eight minors is unclear and therefore it is not apparent that Mr. Manship has standing to sue as their next friend. Plaintiff states only that he knows A.O. personally and generally knows the issues regarding her foster care custody.

5

(Compl. ¶ 25.) More information would be needed to establish a next friend relationship.[1]

Next, the Complaint only alleges specific facts related to one minor: A.O. Plaintiff does not, however, sufficiently allege a deprivation of A.O.'s constitutional rights by persons acting under the color of law. Only four of the defendants are specifically mentioned in the Complaint and their alleged ignoring of a "Cry for Help" report is not sufficient evidence to make out a § 1983 violation. Nor does Plaintiff sufficiently demonstrate any violation of the Constitution or federal law. Plaintiff has failed to allege facts that are "enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[Federal Rule of Civil Procedure 8(a)(2)] still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n. 3. The deficiencies in the Complaint make it unlikely that Plaintiff will succeed on the merits of his claims.[2]

---

[1] Five other individuals are listed as next friends, but none of them signed the Complaint.
[2] Furthermore, state judges, state prosecutors, state social workers, and guardian ad litems (the Defendants in this case) all may be entitled to immunity.

Plaintiff has neither alleged nor demonstrated that absent a granting of a TRO any of the parties would suffer irreparable harm.  There is no indication that damages, or recourse through state proceedings, would be insufficient.  And there is no indication of a likelihood of any future harm.  Compared to the substantial cost of enacting the broad policy changes demanded in the Complaint, Plaintiff has not identified a sufficient risk of irreparable harm to warrant a TRO.

### IV. Conclusion

For these reasons, the Court will DENY Plaintiff's Motion.

An appropriate Order will issue.

|  |  |
|---|---|
| | /s/ |
| September 21, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |