IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAMES RENWICK MANSHIP,       )
                             )
     Plaintiff,              )
                             )
          v.                 )   1:11cv1003 (JCC/JFA)
                             )
SHERRI BROTHERS, *et al.*,   )
                             )
     Defendants.             )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Sherri Brothers, Marita Wilson, Tammee Gaymon, Valerie Cuffee, Suzanne Eisner, and Jason McCandless' Motion to Dismiss [Dkt. 20] and Defendants Karen Marie Grane, Esther Wiggins, and George Varoutsos' Motion to Dismiss [Dkt. 24].  Also, before the Court is Plaintiff James Renwick Manship's Motion to Add Plaintiffs and Defendants.  [Dkt. 27.]  And, Lori Saxon, who seeks to be added as a plaintiff, has a Motion to Stay [Dkt. 41] and Motion for Temporary Restraining Order [Dkt. 44] before the Court.  For the following reasons, the Court will grant Defendants' motions to dismiss and deny Plaintiff Manship and Lori Saxon's motions.

**I.  Background**

This case involves a sprawling assortment of unsupported allegations regarding the treatment of children who

1

are placed into the foster care system in Arlington County,
Virginia.

> A.   Parties

The Court will begin by reviewing the assorted parties
in this case.

> i. Plaintiffs

On September 30, 2011, in response to a Court order,
*pro se* Plaintiff James Renwick Manship filed an "Answer to
Order" and an Amended Complaint.  [Dkt. 8.]  Plaintiff Manship
asserts that he brings the Amended Complaint on behalf of, and
as the "next friend" of, eight minors: A.B., N.B., O.B., T.B.,
Z.B., T.J., A.O., and S.S.  (*Id.*)  The caption of the Amended
Complaint also states that he brings the Amended Complaint
"[i]ndividually and on behalf of all others similarly situated."
(*Id.*)

The Amended Complaint names five other adults as
plaintiffs, but Mr. Manship is the only one to have fully
complied with Fed. R. Civ. P. 11 in that he signed the complaint
personally and provided an address and telephone number.  (Am.
Compl. [Dkt. 8] at 29.)  Three other adults signed the Amended
Complaint: Salim Bennett, Delores O'Brien Heffernan, and Nancy
Hey Slitor.  (*Id.*)  The caption states that Salim Bennett is
father and "next friend" of five of the minors: A.B., N.B.,
O.B., T.B., and Z.B.  It states Delores O'Brien Heffernan is

2

legal guardian and "next friend" of one minor: A.O.  And it states that Nancy Hey Slitor is the mother and "next friend" of one minor: S.S.  The Amended Complaint also names two other adults as plaintiffs.  Christopher "Kit" Slitor is named as father and "next friend" of S.S.  And Tiffany Johnson is named as mother and "next friend" of the remaining minor: T.J. Neither Mr. Slitor nor Ms. Johnson signed the Amended Complaint.

ii. <u>Defendants</u>

The Arlington County Juvenile and Domestic Relations District Court is a court of the Commonwealth of Virginia, not of Arlington County.  *Shirley v. Drake*, No. 98-1750, 1999 U.S. App. LEXIS 7209, at *8 (4th Cir. 1999).  As a result, there are, in effect, two groups of defendants in this case.  The first group includes defendants employed by the Commonwealth of Virginia.  The defendants in this group are Karen Marie Grane, Esq., in her official capacity as Arlington County, Virginia, Juvenile and Domestic Relations District Court-Appointed Guardian ad Litem;[1] the Honorable Esther Wiggins in her official capacity as Arlington County Juvenile and Domestic Relations District Court Judge; and, the Honorable George Varoutsos in his official capacity as Arlington County Juvenile and Domestic Relations District Court Judge (together the "Commonwealth Defendants").

---

[1] Defendant Grane is the court-appointed guardian ad litem only for A.O. (Arlington Defendants Mem. in Supp. [Dkt. 25] (A.D. Mem.) Ex. B.)

The second group includes defendants employed by Arlington County, Virginia.  The defendants in this group are: Sherri Brothers in her official capacity as a Foster Care Supervisor in the Child and Family Services Division of the Arlington County Department of Human Services; Marita Wilson in her official capacity as a social worker in the Child and Family Services Division of the Arlington County Department of Human Services; Tammee Gaymon in her official capacity as a social worker in the Child and Family Services Division of the Arlington County Department of Human Services; Valerie Cuffee in her official capacity as the Division Chief of the Division of Child and Family Services in the Arlington County Department of Human Services; Suzanne Eisner in her official capacity as the Director of the Arlington County Department of Human Services; and Jason McCandless in his official capacity an Arlington Assistant County Attorney (together the "Arlington Defendants"). The Commonwealth Defendants and Arlington Defendants are collectively referred to as "the Defendants."

  B. <u>Allegations</u>

The allegations in this case are not new to this Court, as they are largely the same as those that existed when the Court denied Mr. Manship's September 16, 2011 Emergency Motion for a Temporary Restraining Order (TRO).

The Amended Complaint asserts that this case is a "civil rights class action." (Am. Compl. ¶¶ 1, 48-50.) The Amended Complaint does not allege any facts specific to the treatment of six of the minors -- A.B., N.B., O.B., T.B., Z.B., and T.J. -- in foster care. And, it does not allege any facts specific to Defendants Marita Wilson, Tammee Gaymon, and Suzanne Eisner.

The Amended Complaint makes very few specific factual allegations against the remaining Defendants. The only factual allegations specific to Defendant Brothers are that she "ignored" a "cry for help" report from A.O., and, that Plaintiff Manship sent her an email message regarding an allegedly false filing in the Arlington J&DR Court. (Am. Compl. ¶¶ 15, 21.) The only factual allegations specific to Defendant Cuffee are that she made a finding favorable to Mr. Bennett and that she was interviewed on a radio program and announced a "policy change" with which the Plaintiffs are in apparent agreement. (Am. Compl. ¶¶ 5, 10, at 3.) The only factual allegation specific to Defendant Wiggins is that Esther Wiggins "did not demand any facts" during a hearing when allegedly told that Plaintiff Nancy Slitor was "starving" S.S. (Am. Compl. ¶ 6.)

The only allegations specific to Defendant McCandless are that he convinced Defendant Cuffee to change a finding in an unspecified report, "ignored" a "cry for help" report from A.O.,

and filed a request for a Rule to Show Cause in the Arlington J&DR Court against Plaintiff Heffernan.  (Am. Compl. ¶¶ 10, 15, 33, at 3.)  And the only allegations specific to Defendant Judge Varoutsos are that he granted an "Ex Parte Order for Emergency Removal of a Child" with respect to A.O., and also "ignored" a "cry for help" report from A.O.  (Am. Compl. ¶¶ 15, 28.)  Finally, the only factual allegation specific to Defendant Grane is that she too "ignored" the "cry for help" report from A.O. (Am. Compl. ¶ 2.)

The Amended Complaint makes many generalized and conclusory statements about how the Arlington foster care system "is causing physical and psychological harm to the abused and neglected children it is mandated to protect."  (Am. Compl. ¶ 4.)  And it generally and vaguely alleges that Defendants violated the Due Process Clause of the Fourteenth Amendment and violated A.O.'s rights to "family association" under the First, Ninth, and Fourteenth Amendments.  (Am. Compl. ¶ 38.)

In terms of the relief sought, the Amended Complaint generally requests this Court to "[p]ermanently enjoin Defendants from subjecting Plaintiff Children to practices that violate their rights."  (Am. Compl. ¶ 91.)  It also requests a variety of broad based policy changes within the Arlington County Department of Human Services, affecting topics such as

6

education, training, caseload management, and visitation rights.[2]
(Am. Compl. ¶¶ 90-95.)  The Amended Complaint asks this Court to
assign a "[r]eceiver to assume control and management of the
Arlington CPS cases."  (Am. Compl. ¶ 90.)

The Amended Complaint invokes the jurisdiction of this
Court under 28 U.S.C. §§ 1343(a)(3) and 1331.  Section
1343(a)(3) is the jurisdictional counterpart of 42 U.S.C. §
1983, which creates a cause of action for state action which
violates a person's "rights, privileges, or immunities secured
by the Constitution and laws."  Section 1983 provides a cause of
action against any "person who, under color of any statute,
ordinance, regulation, custom, or usage" causes deprivation of
another citizen's right under the Constitution or federal law.
*Thorne v. Hale*, No. 1:08cv601, 2009 U.S. Dist. LEXIS 104326, at
*9 (E.D. Va. Oct. 29, 2009)(quoting 42 U.S.C. § 1983).

C.   Procedural History

On September 16, 2011, Plaintiff Manship filed a
Complaint and Emergency Motion for Restraining Order.  [Dkts. 1,
2.]  On September 21, 2011, this Court issued a Memorandum
Opinion detailing reasons for denying that motion for a TRO.
[Dkt. 3.]  The Court also issued an Order outlining steps that
Plaintiff Manship could pursue going forward.  [Dkt. 6.]
Specifically, the Court stated:

---

[2] The Court assumes that when the Amended Complaint mentions "DHS / CPS," it
is referencing the Child and Family Services Division of the Arlington County
Department of Human Services.

Plaintiff has ten (10) days from the entry of this
Order to amend the Complaint to clarify Plaintiff's
relationship with the eight minors on whose behalf he
is suing and to sufficiently allege facts that make
out a cause of action; [and]

Plaintiff has twenty (20) days from the entry of this
Order to show cause as to why the Defendants are not
entitled to immunity.

(*Id.*)

On September 22, 2011, Plaintiff Manship filed an

Amended Complaint and Emergency Motion for a Restraining Order.

[Dkt. 7.]  On September 30, 2011, Plaintiff Manship filed an

Answer to Order and Memorandum Opinion.  [Dkt. 8.]  This Answer

added additional plaintiffs, as described above, contained an

Amended Complaint, and included a number of exhibits.  *Id.*  The

Amended Complaint highlights that two of the exhibits are

responsive to the Court's Order.  (Am. Compl. [Dkt. 8] at 30.)

The first is Exhibit D, which lists 53 cases related "trends in

judicial decisions related to children and parents' rights as

contrasted with government abuse of those citizen rights."

[Dkt. 8-D.]  The second is Exhibit G, which is a sprawling

"Memorandum of Law on 'Next Friend' Legal Status." [3]  [Dkt. 8-G.]

Defendants were served on October 25, 2011, and on

November 10, 2011, the Arlington Defendants filed a Motion to

Dismiss and a Motion for Rule 11 Sanctions.  [Dkt. 20.]  The

---

[3] The Court also notes that Exhibit H states that it is in response to the
Court's Order requesting information about immunity, but that it lists ten
cases related to "the constitutional right of parents to raise their own
children."  [Dkt. 8-H.]

Motion to Dismiss seeks to dismiss the Amended Complaint under
Fed. R. Civ. P. 8, 12(b)(1) and 12(b)(6).  (Arlington D. (A.D.)
Mot. to Dismiss [Dkt. 20] at 2.)  On November 14, 2011,
Commonwealth Defendants filed a Motion to Dismiss.  [Dkt. 24.]
Their Motion to Dismiss seeks to dismiss the Amended Complaint
under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Commonwealth D.
(C.D.) Mot. to Dismiss [Dkt. 24] at 1.)

        On November 18, 2011, Plaintiff Manship filed a Motion
to Add Plaintiffs and Defendants.  [Dkt. 27.]  The Motion seeks
to add the minor, J.S.Z., along with her mother Lori Saxon, as
"next friend" to the Amended Complaint.  (*Id.*)  And it seeks to
add Mina Ketchie and Isabel Kaldenbach as defendants, asserting
that they are representatives of the Arlington County, Virginia,
Juvenile and Domestic Relations District Court.  (*Id.*)  The
Motion is signed by Plaintiff Manship and Lori Saxon.  (*Id.* at
3.)

        On November 28, 2011, Plaintiff Manship filed a Motion
for Judicial Cognizance for Summary Judgment to Strike Frivolous
Rule 11 Motion for Sanctions.  [Dkt. 28.]  Plaintiff Manship is
the only Plaintiff to have signed this motion for judicial
cognizance.  *Id.*  On November 30, 2011, Plaintiffs filed a Reply
to Refute Arlington Attorney Motion to Dismiss and Motion for
Rule 11 Sanctions [Dkt. 29] and a Reply to Refute [the

Commonwealth's] Motion to Dismiss [Dkt. 30].  Again, only Plaintiff Manship signed these replies.

On December 2, 2011, the Commonwealth Defendants filed a Rebuttal in Support of the Motion to Dismiss.  [Dkt. 31.]  On December 5, 2011, the Arlington Defendants filed Opposition to the Motion to Add Plaintiffs and Defendants.  [Dkt. 32.]  Also on December 5, 2011, the Arlington Defendants filed a Rebuttal in Support of the Motion to Dismiss and Motion for Rule 11 Sanctions [Dkt. 33] and a Motion for Rule 11 Sanctions [Dkt. 34].  A hearing for on the Motion for Rule 11 Sanctions is set for January 6, 2011, before Magistrate Judge John F. Anderson.  [Dkt. 36.]

Since then Plaintiff Manship has filed a number of documents with the Court.  On December 8, 2011, Plaintiff Manship filed an Emergency Motion for Temporary Restraining Order.  [Dkt. 37.]  This Court denied that motion on December 9, 2011.  [Dkt. 39.]  On December 16, 2011, he filed a "Memorandum of Law Against Sovereign Immunity for Prosecutors, Social Workers, [and] Judges."  [Dkt. 43.]  And on December 19, 2011, he filed a "Notice of Supplemental Authority."  [Dkt. 45.]

Finally, Lori Saxon has filed two motions.  On December 14, 2011, she filed a "Motion for Stay," which requests the court to stay the Defendants motions to dismiss.  [Dkt. 41.]  It is signed only by Ms. Saxon.  (*Id.*)  And on December 19,

10

2011, Ms. Saxon filed a Motion for Temporary Restraining Order. [Dkt. 44.]  It too is signed only by Ms. Saxon.  (*Id.*)

Defendants' motions to dismiss, Plaintiff Manship's motion, and Lori Saxon's motions are now before this Court.

## II.  Standard of Review

### A. Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Defendants may attack subject matter jurisdiction in one of two ways.  First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F.

Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"); *Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994).  In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

### B. Motion for Leave to Amend

A party may amend a pleading once as a matter of course if the party does so either (i) within 21 days after serving the pleading to be amended or (ii) within 21 days after service of a responsive pleading or after the service of a motion under Rule 12(b), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  When the Rule 15(a)(1) time period expires, the proposed amendment falls under Rule 15(a)(2), which requires either leave of court or written consent of the opposing party

to amend a pleading.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2)
of the Federal Rules of Civil Procedure directs that a court
"should freely give leave when justice so requires."  *Id.*

In the Fourth Circuit, a motion for leave to amend
pursuant to Rule 15(a)(2) can be denied only where "the
amendment would be prejudicial to the opposing party, there has
been bad faith on the part of the moving party, or the amendment
would have been futile."  *Steinberg v. Chesterfield Cnty.
Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quoting
*Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).  In
determining whether a proposed amendment is futile, a court may
consider whether the proposed amendments could withstand a
motion to dismiss.  *Perkins v. United States*, 55 F.3d 910, 917
(4th Cir. 1995) (affirming denial of plaintiff's motion for
leave to amend her complaint as futile because "the proposed
amendments could not withstand a motion to dismiss.");  6 Charles
Alan Wright, et al., Federal Practice and Procedure § 1487, at
743 n.28 (2010).  Thus, a court may test the sufficiency of the
proposed amendments by applying the standard of review
applicable in a Rule 12(b)(6) motion to dismiss.

### C. Pro Se Plaintiff

Complaints filed by *pro se* plaintiffs are construed
more liberally than those drafted by an attorney.  *See Haines v.
Kerner*, 404 U.S. 519, 520 (1972).  "However inartfully pleaded

by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, at *3 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III.  Analysis

#### A.  Justiciability

"[I]t is well-settled that federal courts may only adjudicate cases or controversies under Article III of the Constitution." *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (citing *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997)). "To that end, '[t]he Supreme Court has developed a number of constitutional justiciability doctrines . . . including . . . the doctrines of standing, ripeness, and mootness.'" *Id.* (quoting *United States v. McClure*, 241 F. App'x 105, 107 (4th Cir. 2007)). This case presents both standing and mootness issues. The Court will address each in turn.

#### i.  Standing

The "irreducible constitutional minimum of standing
requires (1) an injury in fact--a harm suffered by the plaintiff
that is concrete and actual or imminent, not conjectural or
hypothetical; (2) causation--a fairly traceable connection
between the plaintiff's injury and the complained-of conduct of
the defendant; and (3) redressability--a likelihood that the
requested relief will redress the alleged injury." *McBurney v.
Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010) (quoting *Steel Co.
v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998)
(internal quotation marks and citations omitted). *See also
Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)
(setting forth the three-part constitutional test for standing).
"In determining whether a party has standing to bring suit, the
party invoking the jurisdiction of the court bears the burden of
establishing standing." *Bishop v. Bartlett*, 575 F.3d 419, 424
(4th Cir. 2009).

The adult individuals named as plaintiffs in the
Amended Complaint bring this case *pro se* and as "next friends"
of the minors.  The Amended Complaint, however, simply states
that the named plaintiffs "will fairly and adequately protect
the interests of the entire class of Plaintiff Children" and
that "each next friend is sufficiently familiar with the facts
of the child's situation to fairly and adequately represent the
child's interest in this litigation." (Am. Compl. ¶¶ 51, 53.)

The Amended Complaint fails to provide nearly any detail on the named plaintiffs' relationships to the minors.  The Court will consider the issues related to standing by reviewing each named plaintiff in turn.

### a. James Renwick Manship

Plaintiff Manship asserts "next friend" status on behalf of all eight minors and has signed all of the pleadings. Mr. Manship does not, however, appear to have any biological or legal relationship with any of the minors.  It its September 21, 2011, Memorandum Opinion denying Plaintiff Manship's TRO, the Court noted that it is "not apparent that Mr. Manship has standing to sue" and gave him ten days to clarify his relationship with the eight minors.  Plaintiff responded with a "Memorandum of Law on 'Next Friend' Legal Status – History and Application." [Dkt. 8-G.]  The memorandum fails to provide any facts explaining Mr. Manship's relationship with the minors. Thus, the Court is left with his statement, that he knows one of the minors –– A.O. –– "personally, generally knows the issues regarding her foster care custody described here and is well suited to represent her best interests in this case."  (Am. Compl. II ¶ 37.)  There is no indication of Mr. Manship's relationship with the other minors.

Mr. Manship has been previously informed of the need to establish standing and the requirements for "next friend"

status.  *See Manship v. Thomson,* No. 5:11CV00030, 2011 U.S.
Dist. LEXIS 42294, (W.D. Va. Apr. 19, 2011) (dismissing
Manship's complaint because he did not have standing to sue to
on behalf of the daughter of a murder victim).  Despite this
notice, Mr. Manship has fallen far short of establishing
standing to sue on behalf of A.O., or any of the other minors,
in this case.

          To assert standing as a "next friend," a plaintiff
"must provide an adequate explanation -- such as
inaccessibility, mental incompetence, or other disability -- why
the real party in interest cannot appear on his own behalf to
prosecute the action." *Whitmore v. Arkansas,* 495 U.S. 149, 163-
64 (1990).  Additionally, the "'next friend' must be truly
dedicated to the best interests of the person on whose behalf he
seeks to litigate, and it has been further suggested that a
'next friend' must have some significant relationship with the
real party in interest." *Id.* (internal citations omitted).
"Next friend" standing is typically asserted by a parent on
behalf of a child. *See Brown v. Gilmore,* 258 F.3d 265 (4th Cir.
2001).  Here, there is no showing to warrant "next friend"
status.  Thus, the Court finds that Mr. Manship does not have
standing to bring the Amended Complaint.

                    b. <u>Salim Bennett</u>

          Turning to the remaining adults named as plaintiffs,

                              17

the Court first notes that although, Fed. R. Civ. P. Rule 11(a) requires the Court to strike an unsigned paper unless the omission of the signature is promptly corrected after being called to the attention of the party, the Court finds that curing the omissions in this case would be futile for the reasons described below.

First, in considering Salim Bennett, the caption of the Amended Complaint states that Mr. Bennett is father and "next friend" of five minors: A.B., N.B., O.B., T.B., and Z.B. Mr. Bennett is not an attorney and has already been told by this Court, that "as a non-attorney parent, [he] cannot bring an action *pro se* on behalf of his children." *Bennett v. MacIsaac, et al.,* No. 1:11cv920, 2011 U.S. Dist. LEXIS 128602, at *12 (E.D. Va. Nov. 7, 2011). In the Fourth Circuit, "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Pub. Schs,* 418 F.3d 395, 401 (4th Cir. 2005); *see also Shaw v. Lynchburg Dep't of Soc. Servs.,* No. 6:08cv00022, 2009 U.S. Dist. LEXIS 6659, at *13-14 (W.D. Va. Jan. 29, 2009). The Court explained that "[t]he right to litigate for oneself [] does not create a coordinate right to litigate for others." *Id.* at 400. The Court finds that Mr. Bennett has not made a sufficient showing for "next friend" status and, as a result, he lacks standing to bring this action on behalf of any of the minors.

18

### c. Nancy and Kit Slitor

Nancy Hey Slitor signed the Amended Complaint as the mother and "next friend" of one minor: S.S.  Although Ms. Slitor is the birth mother of S.S., her parental rights were terminated by the Arlington J&DR Court and that termination was affirmed by the Virginia Court of Appeals. *See Hey v. Arlington County Dep't of Human Servs.*, No. 2795-07-4, 2008 Va. App. LEXIS 572, at *19 (Va. Ct. App. Dec. 30, 2008).  Furthermore, S.S. has been adopted and is no longer in foster care.  (A.D. Mem. in Supp. [Dkt. 21] at 4.)  Thus, the Court similarly finds that Ms. Slitor does not have standing to sue.

Christopher "Kit" Slitor did not sign the Amended Complaint, but is named as father and "next friend" of S.S.  Kit Slitor is not the biological father of S.S. and has been denied custody of S.S. (A.D. Mem. in Supp. at 3.)  Thus, for the same reasons as described above, Kit Slitor does not have standing to sue on behalf of S.S.

### d. Tiffany Johnson

Tiffany Johnson also failed to sign the Amended Complaint, but is listed as the mother and "next friend" of T.J. Ms. Johnson's parental rights have been terminated [Dkt. 21-3] and there has been no showing that Tiffany Johnson qualifies for "next friend" status.  Thus, Ms. Johnson does not have standing to being a claim on behalf of T.J.

### e. Delores O'Brien Heffernan

Finally, Delores O'Brien Heffernan signed the Amended Complaint as legal guardian and "next friend" of one minor: A.O. Plaintiffs have not provided a description of Ms. Heffernan's relationship to A.O. and, as she is a non-attorney, the Court finds that she has not demonstrated that she has standing to sue on behalf of A.O.

* * *

As described above, none of the Plaintiffs have established that they have standing to bring the Amended Complaint.  As a result, their attempt to establish this case as a class action is moot.

### ii.   Mootness

In addition to finding that the adults named as plaintiffs do not have standing to sue on behalf of the minors, the Court notes that at least some of the minor's claims are moot.  "[T]he mootness doctrine requires that a claimant suffer an injury-in-fact or continuing collateral consequence that is fairly traceable to the challenged action or decision, and that a favorable decision would be likely to redress the injury." *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (citing *Townes v. Jarvis*, 577 F.3d 543, 554 (4th Cir. 2009)). When a case is moot and, thus, fails to present a justiciable case or controversy, it must be dismissed.  *See id.* at 290.

"Even if the plaintiff has standing at the outset of the case .
. . the action may become moot if, at any subsequent time, the
plaintiff 'plainly lack[s] a continuing interest' in the
resolution of the case." *Lux v. White*, 99 F. App'x 490, 492
(4th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw
Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000)).

Here six of the minors are no longer in the foster
care system.  In November 2011, A.B., N.B., O.B., T.B., and Z.B.
were returned to the custody of their mother.  [Dkt. 21-2.]
Furthermore, S.S. has been adopted and is no longer in foster
care.  (A.D. Mem. in Supp. [Dkt. 21] at 4.)  Because the Amended
Complaint seeks only prospective injunctive relief, claims
related to the Child and Family Services Division of the as
Arlington County Department of Human Services are moot.  *See 31
Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)
(finding that claims of children as to the adequacy of foster
care system were moot since the children were adopted and were
no longer in defendants' legal or physical custody).

B. Abstention

Finally, in considering its jurisdiction over this
case, the Court notes that the *Younger* doctrine "requires
federal courts to decline to exercise jurisdiction to enjoin
pending state court proceedings despite the presence of alleged
constitutional claims." *Berry v. South Carolina Dep't of Social*

*Servs.*, No. 95-2678, 1997 U.S. App. LEXIS 22647, at *9-11 (4th Cir. 1997); *see also Beam v. Tatum,* 299 F. App'x 243, 246 (4th Cir. 2008). The doctrine has been expanded to require abstention from child custody and welfare determinations. *Id.* The *Younger* doctrine stems from the important principles of comity and federalism and from recognition that state courts are as capable as federal courts of deciding federal and constitutional issues. *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Therefore, in the absence of extraordinary circumstances, which are not present here, "*Younger* mandates that a federal court abstain from exercising jurisdiction and interfering with a state [] proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Defendants contend that for some of the minors all three factors are satisfied in this case. (C.D. Mem. [Dkt. 21] at 15-18; A.D. Mem. [Dkt. 25] at 7-8). The Court agrees.

First, there are ongoing, state proceedings being held before the Arlington Juvenile and Domestic Relations District Court concerning A.O., A.B., N.B., O.B., T.B., Z.B., and T.J. (Amy Burnham Aff. [Dkt. 25-A] at 1.)[4]   In assessing the Amended Complaint and the relief requested, this Court finds that a federal proceeding would interfere with the state proceedings. The allegations in this case relate to the treatment of children who are placed into the foster care system by the Arlington J&DR Court.   Although the relief requested largely focuses on executive action, the Amended Complaint appears to be challenging court proceedings involving the termination of parental rights and the child's foster care plan.   (See Am. Compl. ¶¶ 6, 9, 13, 15.)   And, the Amended Complaint asks this Court to "permanently enjoin Defendants from subjecting Plaintiff Children to practices that violate their rights." (Am. Compl. ¶ 91.)   This includes the Defendants who are part of the Arlington J&DR system.   Finally, the Amended Complaint request that this Court "have continuing jurisdiction to oversee compliance with [its] order." (Am. Compl. ¶ 92.)   As a result, this Court finds that the requested relief would likely have the

---

[4] The Arlington J&DR Court possesses continuing jurisdiction over foster care cases as long as a child is in foster care.  See Va. Code. Ann. § 16.1-282.E (2011).  Generally, the local department of social services must prepare a detailed foster care plan that must be filed with Arlington J&DR Court within 60 days of placement in foster care, a court hearing on the plan must be held within 75 days of placement, and the Court must review the plan either every 6 months or every year.  See Va. Code Ann. §§ 16.1-281, 16.1-282 (2011).

effect of placing decisions now in the hands of state courts under the direction of the federal district court.

Turning to the second factor, it is well established that child support matters implicate important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (family relations are a traditional area of state concern); *Harper v. PSC*, 396 F.3d 348, 352 (4th Cir. 2005). Likewise, in considering the third factor, state courts provide an adequate remedy. *See Berry*, 1997 U.S. App. LEXIS 22647, at *12. As a result, this Court finds that abstention is appropriate for the minors who are involved in ongoing, state proceedings before Arlington JD&R Court.

* * *

For the reasons described above related to standing, mootness, and abstention, the Amended Complaint will be dismissed without prejudice.

### C. Plaintiffs' Motion to Add Plaintiffs and Defendants

On November 18, 2011, Plaintiff Manship filed a Motion to Add Plaintiffs and Defendants. [Dkt. 27.] The Motion seeks to add the minor, J.S.Z., and her mother Lori Saxon, to the Amended Complaint. *Id.* And it seeks to add Mina Ketchie and Isabel Kaldenbach as defendants. *Id.* The Motion alleges that Mina Katchie participated in fraudulent behavior with Karen Grane and filed false statements and frivolous motions for

24

contempt against Lori Saxon.  (P. Mot. Amend [Dkt. 27] ¶ 2, 4.)
The Motion also alleges that Kaldenbach is participating in the
fraud.  (*Id.* ¶ 2.)  Finally, the Motion states that "J.S.Z. has
NOT been removed from her mother's care."  (*Id.* ¶ 4.)

     In assessing this motion, the Court first notes that
Plaintiff Manship has not proposed a Second Amended Complaint.
When a plaintiff seeks leave to amend a complaint, a copy of the
proposed amended pleading must be attached to the motion.  *See*
*Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981).
However, even in considering the allegations and facts contained
in the motion as additional to the Amended Complaint, the Court
finds that allowing the amendment would be futile.  Neither Mr.
Manship nor Ms. Saxon have established that they have standing
to bring a claim on behalf of J.S.Z., and J.S.Z.'s claims
related to the Child and Family Services Division are mooted by
the fact that she is not in the care of the Arlington foster
care system.  Therefore, the Court must deny Plaintiff Manship's
Motion for to Add Plaintiffs and Defendants as futile.  *See*
*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson*, 785 F.2d at
509.

     Finally, since the Court has denied Plaintiff
Manship's Motion to add Lori Saxon as a plaintiff, the Court
denies Ms. Saxon's Motion to Stay [Dkt. 41] and Motion for a TRO
[Dkt. 44].

## IV.   Conclusion

For these reasons, the Court will grant the Defendants' motions to dismiss and will deny Plaintiff Manship's Motion to Add Plaintiffs and Defendants and will deny Ms. Saxon's Motion to Stay and Motion for a TRO.

An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| December 27, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |