IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAMES RENWICK MANSHIP,          )
                                )
      Plaintiff,                )
                                )
          v.                    )    1:11cv1003 (JCC/JFA)
                                )
SHERRI BROTHERS, *et al.*,      )
                                )
      Defendants.               )


**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff *pro se* James Renwick Manship's Opposition to the Magistrate Judge's Report and Recommendation (the Objection) [Dkt. 54] issued by Magistrate Judge Anderson on January 11, 2011 [Dkt. 52].  Also, before this Court is an "IFP Plaintiff's Motion for Equal Justice by Level Playing Field with Taxpayer Paid Lawyers' Legal Research Resources" (the Motion).  [Dkt. 55.]  For the following reasons, the Court will deny Plaintiff's Objection and will deny Plaintiff's Motion.

**I.  Background**

The facts and procedural history of this case have been previously set forth in detail.  As a result, this Court reviews the procedural history only as it relates the Objection and Motion.

On September 16, 2011, Plaintiff Manship filed a Complaint and Emergency Motion for Restraining Order.  [Dkts. 1, 2.]  On September 21, 2011, this Court issued a Memorandum Opinion detailing reasons for denying that motion.  [Dkt. 3.]  And on December 27, 2011, the Court issued a Memorandum Opinion detailing reasons for granting Defendants' motions to dismiss Plaintiff's Amended Complaint.  [Dkt. 47.]

On December 5, 2011, Defendants Brothers, Wilson, Gaymon, Cuffee, Eisner, and McCandless filed a motion for Rule 11 sanctions.  [Dkt. 34]  After a hearing on January 6, 2012, Magistrate Judge Anderson issued a Report and Recommendation (the R&R) recommending a finding that Plaintiff Manship violated Federal Rule of Civil Procedure 11(b)(2) and (3) and recommending a sanction of $500.00.  (R&R [Dkt. 52] at 9.)  On January 25, 2012, Plaintiff Manship filed Opposition to the Magistrate Judge's Report and Recommendation (the Objection).  [Dkt. 54.]  Also on January 25, 2012, Plaintiff filed an "IFP Plaintiff's Motion for Equal Justice by Level Playing Field with Taxpayer Paid Lawyers' Legal Research Resources" (the Motion).  [Dkt. 55.]  Finally, Plaintiff subsequently filed additional motions, which this Court will address separately.

Plaintiff's Objection and Motion are now before the Court.

## II.  Standard of Review

2

Pursuant to the Federal Magistrate's Act, the parties may serve and file written objections to the magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommended disposition.   28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(a).   For non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).   A district judge also "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," *id.; see also Beck v. Angelone*, 113 F. Supp. 2d 941, 947 (E.D. Va. 2000), *appeal dismissed by* 261 F.3d 377 (4th Cir.), *cert. denied*, 534 U.S. 987, 122 S. Ct. 417, 151 L. Ed. 2d 321 (2001), and may receive further evidence or recommit the matter to the magistrate with instructions.   28 U.S.C. § 636(b)(1)(C).

### III.  Analysis

#### A. Objection

The R&R finds that Mr. Manship violated Federal Rule of Civil Procedure 11(b)(2) and (3).  Rule 11(b) states, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief,

3

formed after an inquiry reasonable under the
circumstances:

    . . .

(2) the claims, defenses, and other legal
contentions are warranted by existing law or
by a nonfrivolous argument for extending,
modifying, or reversing existing law or for
establishing new law;

(3) the factual contentions have evidentiary
support or, if specifically so identified,
will likely have evidentiary support after a
reasonable opportunity for further
investigation or discovery.

As noted by the R&R, factual allegations fail to satisfy this

Rule when they are "unsupported by *any* information obtained

prior to filing." *Brubaker v. City of Richmond,* 943 F.2d 1363,

1373 (4th Cir. 1991).

  Plaintiff objects to Magistrate Judge Anderson's

imposition of Rule 11 sanctions, but makes no mention of the

"clearly erroneous or contrary to law" standard that this Court

applies to its review of the R&R.[1]  Nor does Plaintiff make any

argument that suggests that the findings in the R&R meet that

standard.  This Court finds that the evidence supports the

imposition of sanctions.

---

[1]  Although the Fourth Circuit has not spoken definitively on whether Rule 11
sanctions matters are dispositive or non-dispositive, the Court finds
that the issue of Rule 11 sanctions in this case is non-dispositive, as the nature
of the sanction imposed is not dispositive of any claim or defense.  *See Kebe
ex rel. K.J. v. Brown,* 91 F. App'x 823, 827 (4th Cir. 2004)  ("The magistrate
judge's order disposing of [the plaintiff's] Rule 37 motion for sanctions is
undoubtedly a nondispositive matter covered by Rule 72")  (unpublished);
*Joseph Giganti Veritas Media Group, Inc. v. Gen-X Strategies, Inc.*, 222
F.R.D. 299, 304-05 (E.D. Va. 2004) (imposition of monetary sanction under
Rule 11 reviewed under clearly erroneous and contrary to law standard).

First, Plaintiff's Objection does not address Magistrate Judge Anderson's finding that Mr. Manship filed this action despite being put on explicit notice that he cannot bring *pro se* actions on behalf of others.  (R&R at 8.)  Rather Plaintiff questions, "why on God's green earth, can not a non-Bar Citizen as an Attorney-in-fact, as provided for under Virginia law, file a 'Next Friend' lawsuit on behalf of one or a few other Citizens and Children . . . ."  (Obj. [Dkt. 54] at 2.) Plaintiff Manship's continued refusal to accept the law on this matter does not provide any support for finding the R&R errs in recommending sanctions.  If anything, it lends additional support to Magistrate Judge Anderson's finding.

Second, Plaintiff fails to raise any evidence indicating that Magistrate Judge Anderson was in error when he found that Plaintiff "made no independent investigation to support the factual allegations contained in paragraphs 55 and 57 of the amended complaint."  (R&R at 8.)  Plaintiff does not deny that he failed to verify that the ranking, statistics, and examples in those paragraphs were applicable to the claims in the instant case.  Instead Plaintiff argues that he "CLEARLY indicated on page 32 that he copied from the Children Rights Complaint."  (Obj. at 9.)  Yet, that argument does not address Plaintiff's failure to conduct a prefiling investigation.  And, the Court notes, page 32 simply states: "This Complaint against

5

Arlington County Virginia DHS/CPS and JDR District Court based
(sic) on successful Massachusetts DHS/CPS Pleadings. . ."
(Answer to Order [Dkt. 8] at 32.)   Thus, contrary to Plaintiff's
assertion, Plaintiff did not indicate to this Court that he
copied specific paragraphs or particular information within
paragraphs.

Finally, with respect to the procedural posture of
this case, which is detailed in the R&R (*see* R&R at 2, 4-5),
Plaintiff makes no argument as to why Magistrate Judge
Anderson's finding on the "safe harbor" provision is clearly
erroneous or contrary to law.   Plaintiff asserts that Defendants
"neglected" the provision (Obj. at 8), but does not address the
fact that Plaintiff had more than 21 days to withdraw the
sanctionable claims.

Thus, having reviewed the record in this case and
having reviewed Plaintiff's objections under the "clearly
erroneous or contrary to law" standard, this Court accepts the
findings and recommendations made by Magistrate Judge Anderson.

B. Motion

The Amended Complaint in the instant case has been
dismissed.   [*See* Dkt. 48.]   Because Plaintiff filed the "IFP
Plaintiff's Motion for Equal Justice by Level Playing Field with
Taxpayer Paid Lawyers Legal Research Resources" on the same day
as the Objection, and because the Motion asks for a continuance,

6

the Court considers the Motion in conjunction with the Objection.

Plaintiff asks the Court to require the Arlington County Attorney's Office to provide him with an access code to PACER and a legal research service such as LEXIS and asks that "ALL cases cited by opposing counsel or judicial clerks be provided in their entirety on a CD (compact disk) in PDF format for fairness." (Mot. [Dkt. 55] at 1-2.) Plaintiff provides no legal basis for this request and the Court does not find one. Additionally, Plaintiff did not raise this issue before the Magistrate Judge and, thus to the extent that it is a cognizable claim, he has waived it in the instant proceeding. *See Joseph Giganti Veritas Media Grp., Inc. v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 307-08 (E.D. Va. 2004). As a result, the Court denies Plaintiff's request.

Finally, Plaintiff "moves the Court for a Continuance until 14 days after the opposing counsel provide [the CD and access code]." (Obj. at 2.) Having denied Plaintiff's request for the CD and access codes, there is no basis to grant a continuance. Thus, Plaintiff's Motion is denied.

## IV.  Conclusion

For the reasons stated above, the Court will deny Plaintiff's Objection to Magistrate Judge Anderson's R&R and deny Plaintiff's Motion.

An appropriate Order will issue.


                                          /s/

February 16, 2012                James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE