IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JAMES RENWICK MANSHIP, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|       v. ) | 1:11cv1003 (JCC/JFA) |
| ) | |
| SHERRI BROTHERS, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff *pro se* James Renwick Manship's "Motion for Assistance of Court in Finding Rule 11 Competent Counsel With Bar Card" [Dkt. 58], and "Motion for Extension of Refiling by Bar Member" [Dkt. 59]. Also before this Court is a "Motion for Production of Documents and Proof of Legal Standing Under FRCP Rule 1(3), And 28 USC 3072," signed by George Edward McDermott [Dkt. 60]. For the following reasons, the Court will deny Plaintiff's motions and will deny Mr. McDermott's motion.

**I.  Background**

The facts and procedural history of this case have been previously set forth in detail. As a result, this Court reviews the procedural history only as it relates Plaintiff's motions and Mr. McDermott's motion.

1

On September 16, 2011, Plaintiff Manship filed a Complaint and Emergency Motion for Restraining Order. [Dkts. 1, 2.] On September 21, 2011, this Court issued a Memorandum Opinion detailing reasons for denying that motion. [Dkt. 3.] And on December 27, 2011, the Court issued a Memorandum Opinion detailing reasons for granting Defendants' motions to dismiss Plaintiff's Amended Complaint. [Dkt. 47.]

On December 5, 2011, Defendants Brothers, Wilson, Gaymon, Cuffee, Eisner, and McCandless filed a motion for Rule 11 sanctions. [Dkt. 34]  After a hearing on January 6, 2012, Magistrate Judge Anderson issued a Report and Recommendation (the R&R) recommending a finding that Plaintiff Manship violated Rule 11(b)(2) and (3) and recommending a sanction of $500.00. (R&R [Dkt. 52] at 9.)  On January 25, 2012, Plaintiff Manship filed Opposition to the Magistrate Judge's Report and Recommendation (the Objection). [Dkt. 54.]  Also on January 25, 2012, Plaintiff filed an "IFP Plaintiff's Motion for Equal Justice by Level Playing Field with Taxpayer Paid Lawyers' Legal Research Resources" [Dkt. 55], which this Court addresses separately.

On January 31, 2012, Plaintiff filed a "Motion for Assistance of Court in Finding Rule 11 Competent Counsel With Bar Card" [Dkt. 58], and "Motion for Extension of Refiling by Bar Member" [Dkt. 59].  On February 2, 2012, Mr. McDermott filed

2

a "Motion for Production of Documents and Proof of Legal Standing Under FRCP Rule 1(3), And 28 USC 3072."  [Dkt. 60.]

Plaintiff's motions and Mr. McDermott's motion are now before this Court.

## II.  Analysis

The Amended Complaint in the instant case has been dismissed, [See Dkt. 48] and Plaintiff's motions fail to amount to a new complaint.  To the extent that Plaintiff's requests in the instant motions overlap with Plaintiff's "IFP Plaintiff's Motion for Equal Justice by Level Playing Field with Taxpayer Paid Lawyers' Legal Research Resources" [Dkt. 55], this Court has already denied those requests.  And to the extent that Plaintiff's requests are new, this Court finds that Plaintiff has not provided any basis upon which to grant them.

Regarding Mr. McDermott's motion, Mr. McDermott is not a party to the instant action and the Amended Complaint has been dismissed.  To the extent that Mr. McDermott's motion might be construed as a request to intervene, the Court finds that Mr. McDermott has provided no basis for granting such a motion.

## IV.  Conclusion

For these reasons, the Court will deny Plaintiff's motions to dismiss and will deny Mr. McDermott's motion.

An appropriate Order will issue.

|  |  |
|---|---|
| February 16, 2012<br>Alexandria, Virginia | _____/s/_____<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |